HOUSTON EAST & WEST TEXAS RY. CO. v. HOUSTON PACKING CO. (No. 447.)

(Court of Civil Appeals of Texas. El Paso. April 22, 1915. Rehearing Denied May 13, 1915.)

1. APPEAL AND ERROR ⟨⟩1002 — VERDICT — CONCLUSIVENESS.

A verdict on conflicting evidence and sustained by evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⟨⟩ 1002.]

2. APPEAL AND ERROR ⟨⟩544 — QUESTIONS REVIEWABLE — REFUSAL OF INSTRUCTIONS — BILL OF EXCEPTIONS.

In the absence of a bill of exceptions taken to the refusal of special charges as required by Acts 33d Leg. c. 59, assignments complaining of the refusal will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⟨⟩ 544.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by the Houston Packing Company against the Houston East & West Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lane, Wolters & Storey and Baker, Botts, Parker & Garwood, all of Houston, for appellant. Hutcheson & Hutcheson, of Houston, for appellee.

HIGGINS, J. The Houston Packing Company brought this suit to recover of appellant damages arising out of the shipment of a car of meat from Houston, Tex., to Concord, N. H. The damage is alleged to have been due to delay in transit, negligent diversion, and insufficient re-icing. From a verdict and judgment in plaintiff's favor, the railway company appeals.

Appellant was the initial carrier, and the bill of lading which it issued, among other things, provided that the shipment was to be properly re-iced when necessary while in transit. Appellee furnished the car containing the shipment.

[1] It is assigned as error that the verdict is contrary to the evidence, it being contended in the supporting propositions that appellee failed to show a proper pre-cooling of the meat prior to its loading; that the car containing the shipment was improperly constructed as to insulation; and that the evidence disclosed the car had been properly re-iced while in transportation. No good purpose can be served by detailing and discussing the evidence. It is sufficient to support a finding adverse to appellant upon each of the issues presented in support of its assignments upon this phase of the case.

[2] Those assignments complaining of the refusal of special charges are overruled, for the reason that no bill of exception was taken to their refusal as required by chapter 59, Acts 33d Legislature.

Affirmed.